# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

**Jyotin Hamid**
Partner
Tel 212 909 1031
Fax 212 909 6836
jhamid@debevoise.com

October 14, 2011

**BY HAND**

The Honorable Denise L. Cote
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

10/14/2011

**Energy Brands, Inc. v. Ecosentials LLC**
**11 Civ. 6940 (DLC)**

**MEMO ENDORSED**

Dear Judge Cote:

    We represent plaintiff Energy Brands Inc. d/b/a Glacéau ("Glacéau") in the above-referenced action. We write to respond to the letter sent by Defendant's counsel to Your Honor earlier today requesting a settlement conference to discuss proposed alternatives to the label challenged in this trade dress action. Although Defendant has advised us that they have designed a proposed alternative label which could form the basis for a resolution of this matter, Defendant refuses to show it to us. We believe, therefore, that a conference at this time is premature and an inefficient use of the Court's time and the parties' resources. Instead, as discussed in more detail below, we request an opportunity to review the proposed label and meet and confer with Defendant in an attempt to narrow, or resolve, the issues before a settlement conference is ordered.

    In this action, Glacéau has alleged, among other things, that the label used for Defendant's new **vitamin squeeze** product infringes and dilutes the famous and distinctive trade dress of Glacéau's **vitamin**water and **vitamin**water zero products. Prior to commencing this action, the parties made some efforts to resolve this dispute amicably on the basis of Defendant agreeing to adopt a revised label for **vitamin squeeze** that is acceptable to Glacéau. Defendant proposed certain revisions to the original **vitamin squeeze** label and Glacéau considered each of those proposals in good faith and very quickly (generally within 24 hours). After consideration, Glacéau was unwilling to settle on the basis of those proposals because they contemplated only minimal changes to the original and still conveyed an overall visual impression that is confusingly similar to the look of the **vitamin**water trade dress. Defendant therefore proceeded with its product launch using one of the inadequately revised labels, and Glacéau commenced this action and moved for a preliminary injunction to challenge such label.

We understand that Defendant has engaged a graphic designer and developed a new proposed label for **vitamin squeeze**. Defendant has suggested that the new label has the potential to resolve Glacéau's concerns. But Defendant refuses to show us the new label or to meet and confer about it. Instead, they insist that they will show us the new label only in the context of a court-supervised settlement conference.

We do not believe that the parties should impose on the Court's time before they have tried to meet and confer about a proposed resolution. Further, if there is to be a court-supervised settlement conference, the parties should, at the very least, have made an effort to discuss and narrow the issues in advance. Defendant's suggested approach -- under which Glacéau will be kept in the dark about Defendant's settlement proposal and will have their first opportunity to react to it in court – is highly inefficient and could result in an unnecessary use of the Court's time.

We certainly appreciate the Defendant's desire to explore the possibility of settlement quickly. Glacéau shares that desire. If Defendant will share its proposed new label, Glacéau will review it quickly and in good faith and will be in a position to meet and confer with Defendant about it within one business day.

Accordingly, we respectfully request that, before the Court considers holding a settlement conference, the Court first direct: (1) Defendant to show its proposed new label to Glacéau; (2) the parties to meet and confer regarding settlement within two business days after the new label is exchanged; and (3) the parties to report thereafter to Chambers regarding whether a settlement conference is warranted.

Thank you for your consideration.

Respectfully submitted,

Jyotin Hamid

cc: (by email):
Michael J. Curley, Esq., Michael C. Lasky, Esq., Neal H. Klausner, Esq., Shirin Keen, Esq.

*Handwritten note:* The Court shall meet with counsel on 10/20/11 at 1 pm to discuss the schedule in this case and the process to be followed to engage in settlement discussions.

*[signed]* Denise Cote
D.C. 18, 2011

2

23525571v1